# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.

Case No. 4:96cr76-RH
Case No. 4:06cv479-RH/WCS

**JOE TRAVIS,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION ON RULE 60(b) MOTION

Defendant filed a motion for relief pursuant to Fed.R.Civ.P. 60(b)(6), and a supporting affidavit. Docs. 195 and 196.

Defendant claims that he previously raised other issues by 28 U.S.C. § 2255 motion, but "has not previously raised in any prior proceeding the issues of actual innocence and the specific aspects of counsel's ineffectiveness raised in this Rule 60(b) motion." Doc. 195, pp. 3-4. He "seeks relief from a final judgment of conviction entered . . . on May 29, 1997," which was "amended by reducing the sentence on April 28, 1998." *Id.*, p. 4. He claims actual innocence of the conspiracy offense. *Id.*, pp. 8-11.

Defendant argues that he meets all requirements for filing a Rule 60(b)(6) motion which is not deemed a second or successive § 2255 motion. *Id.*, pp. 11-13, *citing* Gonzalez v. Crosby, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005).

In the Rule 60(b) motion before the Supreme Court in Gonzalez, the petitioner sought relief not from the criminal judgment, but from the judgment denying his 28 U.S.C. § 2254 petition as untimely. 545 U.S. at __, 125 S.Ct. at 2641. That is not the case here, as Defendant seeks relief from his criminal judgment. "Rule 60(b) simply does not provide for relief from judgment in a criminal case." United States v. Mosavi, 138 F.3d 1365, 1366 (11th Cir. 1998); United States v. Fair, 326 F.3d 1317, 1318 (11th Cir. 2003) (quoting Mosavi). *See also* Gonzalez, 545 U.S. at __, 125 S.Ct. at 2646-50 (explaining the difference between a true Rule 60(b) motion which may proceed, from one raising "claims" for relief which should be treated as a second or successive § 2254 petition).[1]

As set forth by previous report and recommendation, incorporated herein by reference, Defendant has been denied § 2255 relief and must obtain authorization from

---

[1] Certiorari was granted only as to Gonzalez, and the Supreme Court expressly limited its opinion to the application of Rule 60 in habeas proceedings under 28 U.S.C. § 2254. Gonzalez, 125 S.Ct. at 2646, n. 3. The Eleventh Circuit's opinion (which was affirmed but using a different analysis) addressed claims brought by two § 2254 petitioners (Gonzalez and Mobley) and one § 2255 movant (Lazo), and saw no material difference between § § 2254 and 2255 for purposes of Rule 60. Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1262 (11th Cir. 2004). Lazo, the only § 2255 movant, filed what was considered a second or successive motion "cross-dressed" as a Rule 60(b) motion. 366 F.3d at 1262-63; *see also* 366 F.3d at 1287, n. 1 and 1306 (J. Tjoflat, specially concurring in part and dissenting in part) (agreeing that the district court lacked jurisdiction over Lazo's motion, "which was a second or successive motion under 28 U.S.C. § 2255 disguised as a motion under Rule 60(b)," noting that the district court should have therefore dismissed rather than denied it). Lazo did not seek certiorari, and certiorari was denied without opinion as to Mobley. Mobley v. Schofield, 545 U.S. __, 125 S.Ct. 965, 160 L.Ed.2d 902  (Mem) (2005).

the Eleventh Circuit before filing a second or successive motion. Doc. 192 (adopted by the court and judgment entered on the docket on June 28, 2005, docs. 193 and 194). As set forth there, Defendant has previously attempted to file unauthorized second or successive motions. Doc. 192, pp. 1-2 (referencing the record).

As Defendant has not obtained authorization from the court of appeals, this court still lacks jurisdiction to consider what is essentially a second or successive § 2255 motion. § 2255 (referencing § 2244); § 2255 Rule 9 (party must obtain authorization from court of appeals before presenting a second or successive motion).

It is therefore respectfully **RECOMMENDED** that the Rule 60(b) motion, doc. 195, be **SUMMARILY DISMISSED** as an unauthorized second or successive § 2255 motion.

**IN CHAMBERS** at Tallahassee, Florida, on December 26, 2006.

s/   William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**